# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR05-4103 |
| vs. | **ORDER** |
| WILLIAM R. KAHLER, | |
| Defendant. | |

This matter comes before the court pursuant to notification by the government on February 22, 2006, of a potential for a conflict of interest. The court met by telephone with the defendant, his attorney Stanley Munger, and the prosecutor, Assistant United States Attorney Judith Whetstine. Following an extensive conversation about the circumstances giving rise to the government's concern, the court addressed the defendant personally to make sure he understood the nature of the dispute and his rights. The court has determined that it will not, sua sponte, disqualify Mr. Munger.

The defendant is charged with two violations of 18 U.S.C. § 1005 arising out of a loan application made in April of 2003 at the Iowa-Nebraska State Bank. The prosecutor refers to these alleged crimes as "discrete" incidents. However, if the defendant is convicted, the prosecutor intends to offer evidence at sentencing of other similar activity at other banks.

The government contends that the defendant entered into a transaction that may have defrauded Prime Bank in LeMars, Iowa. The government does not contend that Prime Bank has yet suffered any financial loss. Still, the government intends to offer this evidence at sentencing. The defendant's attorney, Stanley Munger, represents Prime Bank in unrelated civil litigation where the Bank is suing on a note. Thus, the government's

concern is that Mr. Munger's loyalty will be divided if the defendant is convicted and the government alleges that Prime Bank is another victim.

The court addressed Mr. Kahler personally at the hearing. He is 50 years old and has a degree in Agribusiness from Iowa State University. His interaction with the court suggests that he is intelligent and articulate. The court explained the potential for conflict of interest to the defendant and he clearly understands the issue. The court advised him of his right to seek independent counsel on the issue of the conflict. He does not intend to do so as he is very comfortable with the status of his knowledge. He unequivocally stated that wanted Mr. Munger to represent him.

Mr. Munger has had recent conversations with Prime Bank. Prime Bank wants Mr. Munger to continue representing it. However, Prime Bank understands the theoretical argument that can be made in support of a conflict of interest and has agreed that Mr. Munger can withdraw from representing it in the civil matter if that will help the situation.

> Rule 32:1.7 of the Iowa Rules of Professional Conduct provide that
>
> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
> (2) the representation is not prohibited by law;
>
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
>
> (4) each affected client gives informed consent, confirmed in writing.

There is no conflict of interest that prohibits Mr. Munger from representing Mr. Kahler at trial. Prime Bank is not in any way implicated in any trial issue. A theoretical potential for conflict of interest arises only if the defendant is convicted. Still, the court is concerned that, ordinarily, a client would like the same lawyer to represent them at trial and at sentencing. Accordingly, the defendant was warned that Mr. Munger could be permitted to represent him at trial but not at sentencing. The defendant understands this.

The court concludes that the best course of action is as follows. Counsel for the government shall draft a document entitled "Informed Consent" setting forth its understanding of the potential for a conflict of interest in this case. Assuming that it fairly and accurately depicts the potential for conflict of interest and the defendant is willing to sign it, the inquiry concerning a conflict of interest will be concluded until the end of the trial. If the defendant is convicted, Mr. Munger will be permitted to represent the defendant upon (1) his withdrawal from the Prime Bank civil litigation, and (2) Prime Bank's written waiver of any potential for conflict of interest.

Upon the foregoing,

IT IS ORDERED

That upon completion of the steps set forth above, the court will not disqualify Mr. Munger on its own motion.

March 1, 2006.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT